```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
                   DIVISION
```

VIRGINIA TILBORG,

        Plaintiff,

vs.                           Case No. 8:10-cv-1600-T-33TGW

CAPSTONE CREDIT & COLLECTIONS,
LLC,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's "Motion for Reconsideration/Alter Order RE: DE 36" (Doc. # 62), which was filed on September 21, 2011.  For the reasons that follow, the Court denies the Motion.

**II.  Legal Standard**

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. Further, as explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

## II. Analysis

Defendant seeks reconsideration of the Court's March 23, 2011, Order granting a Motion to Substitute Party. (Doc. # 37). The Motion to Substitute Party was filed on March 2, 2011, (Doc. # 36), and this Court granted the Motion to Substitute as an unopposed motion after Defendant failed to file a response.

Now, six months later, Defendant seeks an order of reconsideration. Defendant does not assert that there has been an intervening change in the law and presents no new

evidence. In addition, Defendant does not assert that reconsideration is needed to prevent manifest injustice or to correct a clear error. Rather, Defendant challenges Virginia Tilborg's standing to pursue the Fair Debt Collection Practices Act claims at issue. It should be noted that Defendant filed a timely Motion for Summary Judgment (Doc. # 57) raising standing issues identical to the issues presented in the Motion for Reconsideration.

As the Motion for Summary Judgment is fully briefed by the parties, the Court determines that it would be an exercise in futility to require Plaintiff to respond to the merits of the Reconsideration Motion. The Court denies the Reconsideration Motion and will address the substantive issues raised therein when the Court addresses the pending Motion for Summary Judgment.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's "Motion for Reconsideration/Alter Order RE: DE 36" (Doc. # 62) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of September, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record